F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS, APLC
7136 Haskell Ave. Suite 333
Van Nuys, CA 91406
Telephone:   (818) 510.0555
Facsimile:   (818) 510.0590

*Attorneys for Plaintiff,*
Mi Young Kim

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MI YOUNG KIM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DISCOVER BANK,<br><br>　　　　Defendant. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**I. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE § 1788, ET SEQ.;**<br><br>**II. TRUTH IN LENDING ACT, U.S.C. 1643, ET SEQ.;**<br><br>**III. CAL. CODE CIV. PROC. §§ 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Mi Young Kim ("Plaintiff" or "Ms. Kim"), by Plaintiff's attorneys, brings this action to challenge the actions of DISCOVER BANK ("Defendant" or "Discover") with regard to the continued collection efforts of a fraudulent debt from Plaintiff, which Plaintiff did not owe, and for failing investigate and remove credit card charges she did not incur.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

9. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"); (iv) the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq ("TILA"); and (v) the California Identity Theft Act, Cal. Civ. Code §§ 1798.92, et seq. ("CITA").

13. At all times relevant, Defendants conducted business within the State of California.

14. Because Defendants do business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 since all conduct giving rise to this action occurred in the County of Orange.

## PARTIES

16. Plaintiff is a natural person who resides in the City of Fullerton, County of Orange, in the State of California.

17. Defendant is headquartered in New Castle County, Delaware, and regularly does business in Orange County, California.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code §1798.92(d).

20. Defendant is a persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

22. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by

California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

24. As such, this action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

**FACTUAL ALLEGATIONS**

25. At all times relevant, Plaintiff is an individual residing within the State of California.

26. In January of 2020, Plaintiff learned for the first time that some imposter managed to get a hold of her Discover Bank credit card information and used it to make purchases without Plaintiff's knowledge, authorization or consent. The account number for this Discover Bank credit card belonging to Plaintiff ended in 1275 [1] ("Discover Card").

27. In January of 2020, when Plaintiff reviewed her Discover Card statement, Plaintiff was shocked to learn that this fraudster had incurred several thousand dollars-worth of fraudulent charges using the Discover Card between December 2019 and January 2020.

28. Due to the fraudster's conduct, Plaintiff is alleged to have incurred certain financial obligations to Defendant (the "alleged debt").

29. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

---

[1] The account was closed, and the account now ends in 6865.

30. These alleged obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

31. After discovering the fraudulent charges, Plaintiff immediately called Defendant and Defendant's Customer Protection Services department to notify Defendant of the fraud.

32. Between January and April 2020, Plaintiff called Defendant many times in order to try and get the issue resolved, and the fraudulent charges removed.

33. Sometime shortly after Plaintiff's first phone call to Defendant wherein she disputed the fraudulent charges, the charges were removed from her Discover Card account, and Plaintiff believed her dispute had been resolved and she was not required to pay the disputed amount.

34. On or about April 13, 2020, Defendant sent Plaintiff a letter stating that "upon reviewing the facts of the case, it has been determined that no fraud occurred on [her] account," and continued to attempt to collect the alleged debt from Plaintiff.

35. However, Plaintiff continued to dispute the account.

36. On or about June 2, 2020, Defendant sent Plaintiff another letter stating that "upon reviewing the facts of the case, it has been determined that no fraud occurred on [her] account."

37. On or about June 17, 2020, Plaintiff sent Defendant's Consumer Protection Services department a letter stating that she disagreed with the investigation results and hoped that they reconsider and reverse the charges on her account, but Defendant did not do so.

COMPLAINT

38. Then, on or about August 19, 2020, attorney Richard Kim sent a letter on behalf of Plaintiff to Defendant's Consumer Protection Services department. This letter demanded that Defendant re-open the fraud investigation, disputed the charges, and explained the fraudulent Discover Card charges could not have been incurred by Plaintiff due to the locations where the charges were made.

39. Subsequently, on or about December 8, 2020, attorney Richard Kim, on behalf of Plaintiff, sent a letter again disputing the charges. Attached to this letter were a Federal Trade Commission Fraud Affidavit explaining that the alleged debt was the result of fraud, along with a police report and Discover Card statement that identified each fraudulent charge.

40. Each of Plaintiff's phone calls and letters provided Defendant with at least 30-days notice prior to filing this Action.

41. Each of the phone calls and the June 2, 2020, June 17, 2020, August 19, 2020 and December 8, 2020 letters informed Defendant that Plaintiff was the victim of identity theft.

42. On information and belief, Defendant failed to diligently investigate Plaintiff's claims.

43. In fact, Defendant has refused to communicate further with Plaintiff following Plaintiff's attempts to be absolved of the alleged debt.

44. To this day, Defendant is maintaining and pursuing its claim that Plaintiff owes the alleged debt, and continually engaging in collection efforts against Plaintiff regarding the fraudulent debt by failing to credit Plaintiff's Discover Card account for the fraudulent charges.

45. This conduct by Defendant has forced Plaintiff to incur damages as well as retain counsel.

46. Further, Plaintiff has been forced to make payments on the Discover Card, under protest, in order to avoid any adverse credit reporting.

47. Had Defendant performed a reasonable investigation, such as reached out to the locations where the fraudulent charges were made, Defendant would have determined Plaintiff was not present to incur those charges.
48. As of the date of this filing, Defendant continues to assert that Plaintiff is liable for the fraudulent transactions by continuing issuing credit card statements incorporating the amounts of the fraudulent charges in order to collect payment on these fraudulent charges.
49. Defendant's investigation, if any, was unreasonable.
50. Defendant is a debt collector under the FDCPA and California's Rosenthal Act.
51. More specifically, Defendant should have discovered from Defendant's own records, including Plaintiff's disputes, that the alleged debt at issue was fraudulent.
52. Plaintiff's continued efforts to be absolved of this fraudulent debt by hiring an attorney to send detailed dispute letters was also fruitless.
53. Defendant's refusal to cease attempting to collect on the alleged debt and reverse the fraudulent charges in light of Defendant's knowledge of the fraud was willful.
54. Defendant's refusal to cease attempting to collect on the alleged debt and reverse the fraudulent charges in light of Defendant's knowledge of the fraud was reckless.
55. Defendant's continued pursuit of Plaintiff for payment of a fraudulent debt was intentional and in reckless disregard of Defendant's duties owed to Plaintiff.
56. Accordingly, Defendant willfully and negligently failed to comply with Defendant's respective duties to reasonably investigate Plaintiff's disputes.
57. Defendant's conduct has caused Plaintiff emotional distress.
/ / /
/ / /

58. Plaintiff has spent countless hours disputing Defendant's fraudulent collection attempts in an attempt to provide any and all information needed for the investigations.
59. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes
60. The Truth in Lending Act generally precludes a credit card issuer from imposing more than $50.00 in liability for unauthorized use of a credit card. 15 U.S.C. § 1643.
61. The fraudulent charges made on the Discover Card in December of 2019 and January of 2020 were an "unauthorized use" as they were not made by a person who had actual, implied, or apparent authority for such use.
62. Plaintiff received no benefit from this unauthorized use.
63. Plaintiff provided Defendant with notice of the unauthorized use, first by the January 2020 phone call, the numerous phone calls made thereafter, and the June 17, 2020, August 19, 2020 and December 8, 2020 letters.
64. From these communications, the card issuer, Defendant, had all of the pertinent information about the unauthorized use.
65. Because the charges was unauthorized, Plaintiff's liability was limited to no more than $50.00.
66. Nonetheless, Defendant has demanded payment of the entire charge, which is thousands of dollars, from Plaintiff, including 25 individual transactions that exceeded $50.00.
67. As a result, Defendant violated the Truth in Lending Act's unauthorized use limitation contained in 15 U.S.C. §1643.
68. A violation of the unauthorized use limitation is actionable under 15 U.S.C. § 1640.

69. By attempting to collect the alleged debt from Plaintiff, which consisted of fraudulent charges, after Plaintiff's numerous disputes made from January to December of 2020, Defendant used unfair or unconscionable means to collect or attempt to collect a debt, thus violating 15 U.S.C. §1692(f). Therefore, Defendants have also violated CCP §1788.17, which incorporates the language of 15 U.S.C. § 1692f.

70. By attempting to collect the alleged debt from Plaintiff, which consisted of fraudulent charges, after Plaintiff's numerous disputes made from January to December of 2020, Defendant used unfair or unconscionable means to collect or attempt to collect a debt, including, but not limited to, collecting any amount not expressly authorized by the agreement creating the debt or permitted by law, thus violating 15 U.S.C. §1692(f)(1). Therefore, Defendants have also violated CCP §1788.17, which incorporates the language of 15 U.S.C. § 1692f(1).

71. As a result of Defendant's unlawful collection practices, as alleged in Paragraphs 1-70, above, Plaintiff suffered actual damages and Defendant's conduct caused Plaintiff mental and emotional distress.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[AGAINST ALL DEFENDANTS]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

74. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA IDENTITY THEFT ACT
### Cal. Civ. Code §§ 1798.92-1798.97
**[AGAINST ALL DEFENDANTS]**

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

77. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT III
## VIOLATION OF THE TRUTH IN LENDING ACT
### 15 U.S.C. §§ 1640 and 1643
**[AGAINST ALL DEFENDANTS]**

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple of 15 U.S.C. §§ 1643, entitling Plaintiff to damages pursuant to 15 U.S.C. § 1640.

80. As a result of each and every violation of the Truth in Lending Act, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1640; twice the amount of any finance charge in connection with the transaction; twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures; costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. §1640(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:**

- An award of actual damages in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant;
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- An injunction regarding claimants pursuant to Cal. Civ. Code § 1798.93(c)(3);
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1640(a)(1);

- An award of statutory damages equal to twice the amount of any finance charge in connection with the transaction pursuant to 15 U.S.C. § 1640(a)(2)(A)(i);
- An award of statutory damages equal to twice the amount of any finance charge in connection with the transaction with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures pursuant to 15 U.S.C. § 1640(a)(2)(A)(i);
- Any and all other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

1. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**LOS ANGELES LEGAL SOLUTIONS**

Dated: March 10, 2021  By: s/F. Jay Rahimi

F. Jay Rahimi, Esq.
*Attorney for* Plaintiff
Mi Young Kim